# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

Person Under Supervision:  Jade Marie Burgess          Case No.: 2:23-CR-071-Z(02)

Name of Sentencing Judge:  U.S. District Judge Matthew J. Kacsmaryk

Date of Original Sentence:  May 14, 2024

Original Offense:  False Material Statement During the Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6), 924(a)(2), Class C Felony.

Original Sentence:  37 months custody as to Count Six, 1-year term of supervised release.

Detainers:  None.

U.S. Marshals No.:  75040-510

Type of Supervision:  Supervised Release  Date Supervision Commenced: February 16, 2026

Assistant U.S. Attorney:  Joshua Jerome Frausto   Defense Attorney:  Charles Winston Vallhonrat, Jr.
(Court appointed)

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

### Violation of Other Condition No. 2

The defendant shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

### Violation of Other Condition No. 4

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

### Violation of Other Condition No. 10

The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at a rate of at least $25 per month.

Jade Marie Burgess
Petition for Person Under Supervision

## Nature of Noncompliance

On February 24, 2026, Jade Marie Burgess submitted a urine specimen for testing at Dailey Recovery Service (DRS), the substance abuse treatment provider in Amarillo, Texas, which tested positive for marijuana. Ms. Burgess denied any illegal substance use. Confirmation was obtained from Abbott Toxicology (Abbott), which confirmed the specimen collected on February 24, 2026, was positive for marijuana. Based on the interpretation report, this was determined to be new marijuana use.

On March 16, 2026, Ms. Burgess submitted a urine specimen for testing at DRS, which tested positive for marijuana. Ms. Burgess denied any illegal substance use. Confirmation was obtained from Abbott, which confirmed the specimen collected on March 16, 2026, was positive for marijuana.

On April 23, 2026, Ms. Burgess submitted a urine specimen for testing at DRS, which tested positive for marijuana. Ms. Burgess denied any illegal substance use. Confirmation is pending with Abbott.

## Personal History

Jade Marie Burgess commenced her term of supervised release on February 16, 2026, under the U.S. Probation Office in Amarillo, Texas. Since her release, she has maintained residency with her friend and is employed at a local restaurant in Amarillo.

Ms. Burgess has a significant history of substance abuse, including use while on pretrial supervision, which prompted an immediate referral to substance abuse treatment with DRS upon her release to supervision. On her initial urinalysis conducted on February 17, 2026, she tested positive for marijuana; however, she denied any use since December 2025, stating her last use occurred while in custody at Dismas Charities, the halfway house in Lubbock, Texas. This result was subsequently confirmed by Abbott. Since that time, Ms. Burgess has produced five additional positive urinalysis results for marijuana, all of which have been confirmed. Of these, two results were indicative of new use, two were consistent with residual use, and one result from April 23, 2026, remains pending confirmation. Despite these findings, Ms. Burgess continues to deny any ongoing substance use and maintains that her last use occurred in December 2025.

Ms. Burgess has been compliant with attending substance abuse counseling as directed; however, her continued positive urinalysis results, coupled with her denial of use, suggest that the current treatment interventions have not been effective.

Based on the foregoing, a Petition for Person Under Supervision is being submitted to the Court for consideration.

Jade Marie Burgess
Petition for Person Under Supervision

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1). |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | I | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Jade Marie Burgess
Petition for Person Under Supervision

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on May 6, 2026
Respectfully submitted,                         Approved,

_____                    _____
Juan Lopez                                      Gema Delgado Reyes
U.S. Probation Officer                          Supervising U.S. Probation Officer
Amarillo Division                               Phone: 806-337-1752
Phone: 806-337-1754
Email: juan_lopez@txnp.uscourts.gov

---

**Order of the Court:**

☐   No action.

☒   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of
     record until arrest effectuated.

☐   The Issuance of a Summons.

☐   Other or Additional:

     _____

     _____

☐   File under seal until further order of the Court.

                                      _____
                                      The Honorable Matthew J. Kacsmaryk
                                      U.S. District Judge

                                      _____5/8/26_____
                                      Date